IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BERNARD BARBOUR,

    Petitioner,                             CASE NO. 2:08-cv-1187
                                                  JUDGE HOLSCHUH
v.                                        MAGISTRATE JUDGE ABEL

MICHAEL SHEETS, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On December 26, 2003, appellant was indicted in case No. 03CR-8639 on three counts of rape and one count of unlawful sexual conduct with a minor. The indictment alleged that the offenses occurred during the time frame of August 15, 2003 through October 17, 2003. Appellant was arraigned on December 31, 2003, and a bond was set, but appellant remained incarcerated in lieu of bond. The case was initially set for trial on March 11, 2004.
>
> Appellant filed a motion for a bill of particulars on February 23, 2004, to which the appellee, State of Ohio ("State"), responded on March 4, 2004. The March 11, 2004 trial date was then continued at the request of the parties, with appellant waiving his speedy trial rights for the period of the contin-

uance with respect to the pending charges, as well as to any future charges arising from the same set of facts. The new trial date was May 11, 2004. The case was then transferred to the docket of a different judge, and the trial date was rescheduled to April 6, 2004.

The April 6, 2004 trial date was then continued at appellant's request. Appellant again waived his speedy trial rights as to the pending charges as well as any subsequent charges arising from the same set of facts. The new trial date was May 18, 2004. A second request for a bill of particulars was filed on April 30, 2004. The May 18, 2004 trial date was then continued at the request of the parties, with appellant again waiving his speedy trial rights as to pending and subsequent charges. The new trial date was June 10, 2004. The State filed a response to the request for a bill of particulars on May 24, 2004.

The State requested a continuance of the June 10, 2004 trial date due to issues with the availability of the prosecuting witness. Appellant waived his speedy trial rights for the period of the continuance as to the pending charges, but not as to any subsequent charges arising from the same set of facts. Appellant was released on a recognizance bond on June 10, 2004. The new trial date was July 22, 2004.

On July 22, 2004, the State entered a nolle prosequi on all of the charges. On September 10, 2004, appellant was reindicted in case No. 04CR-5960. The indictment charged appellant with three counts of rape during the same time period as the first indictment, but included as additional facts that the victim was under the age of 13 years. The indictment also included two counts of sexual battery.

Appellant was arraigned on September 21, 2004, and a $20,000 recognizance bond was set. The initial trial date of October 5, 2004 was continued at the request of the parties, with appellant waiving his speedy trial rights for the period of the continuance. The new trial date was November 9, 2004. That trial date was then continued due to appellant's counsel being engaged in another trial. Appellant once again waived his speedy trial rights, and the new trial date was January 24, 2005.

> The case proceeded to a jury trial, and appellant was found not guilty on one count of rape, and guilty on the other two counts of rape, with findings that the victim was under the age of 13 years and was compelled to submit by force or threat of force. Appellant was also found guilty on one of the counts of sexual battery. The other count of sexual battery was dismissed pursuant to Crim.R. 29.

*State v. Barbour*, 2008 WL 2025847 (Ohio App. 10th Dist. May 6, 2008)).

> [T]he trial court sentenced appellant to life terms on the rape counts, merged those counts, and four years on the sexual battery count, to be served concurrently with each other. The trial court also determined appellant was a sexual predator.

*State v. Barbour*, 2006 WL 2734235 (Ohio App. 10th Dist. September 26, 2006).

Petitioner filed a timely appeal, in which he raised the following assignments of error:

> ASSIGNMENT OF ERROR NUMBER ONE
>
> THE DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO MOVE TO DISMISS FOR A SPEEDY TRIAL VIOLATION, WHICH WOULD HAVE RESULTED IN THE DISMISSAL OF CHARGES.
>
> ASSIGNMENT OF ERROR NUMBER TWO
>
> THE DEFENDANT DID NOT RECEIVE A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO THE IMPROPER ADMISSION OF PHOTOGRAPHS OFFERED AS PROOF OF SEXUAL ABUSE, IMPROPER OPINION EVIDENCE OF GUILT, HEARSAY EVIDENCE, AND THE STATE'S MOTION IN LIMINE.

See id. On September 26, 2006, the appellate court affirmed the trial court's judgment. *Id.* Petitioner never filed an appeal with the Ohio Supreme Court. However, on January 20,

2006, Barbour filed a petition for postconviction relief in the trial court. That Court denied the petition:

> Appellant argued that he was entitled to postconviction relief because he was denied effective assistance of counsel due to his trial counsel's failure to file a motion to dismiss the charges against him due to a violation of his rights to a speedy trial. Appellant further argued that his trial counsel was ineffective because he failed to interview some witnesses that could have supported appellant's defense. On April 12, 2006, and again on April 5, 2007, the trial court directed appellant's counsel to provide additional information for the court to consider. Supplemental materials were provided on May 31, 2007. The State conceded that appellant had not been brought to trial in time on the charge of sexual battery, but otherwise argued that no speedy trial violation had occurred. Thus, the trial court considered the applicability of the speedy trial provisions only to the two rape charges for which appellant was convicted.
>
> Declining to conduct an evidentiary hearing, the trial court considered all of the pleadings and concluded that, in case No. 03CR-8639, appellant was held in lieu of bond for a total of 171 days. The court found that a total of 102 of those days were tolled for purposes of appellant's speedy trial right, which meant that 69 days of the time during which appellant was held counted against the speedy trial period. Applying the triple count provision set forth in R.C. 2945.71(E), this meant that 207 days of the 270-day period during which the State was required by R.C. 2945.71(C)(2) to bring appellant to trial had elapsed at the time the State filed the nolle prosequi in case No. 03CR-8639, leaving the State 63 days to bring appellant to trial in case No. 04CR-5960.
>
> As to case No. 04CR-5960, the trial court found that the only period of time during which appellant had not waived his speedy trial rights was the period from September 21 through October 5, 2004, or 14 days. The trial court therefore concluded there had been no violation of appellant's speedy trial rights. Based on that conclusion, the trial court found that appellant could not prevail on his claim of ineffective assistance of counsel based on his trial counsel's failure to file a motion to

> dismiss for violation of his speedy trial rights, because such a motion would not have been successful. The trial court also rejected appellant's claim regarding his trial counsel's failure to interview possible witnesses, concluding that nothing in the record established that their testimony would have been helpful to appellant's defense. Consequently, the trial court granted appellant's petition for postconviction relief as to the charge of sexual battery for which appellant was convicted, but dismissed the petition as to appellant's other claims.

*State v. Barbour, supra*, 2008 WL 2025847. Petitioner filed a timely appeal, in which he asserted as follows:

> FIRST ASSIGNMENT OF ERROR:
>
> The trial court committed prejudicial error by denying Mr. Barbour's Petition to Vacate and Set Aside Judgment where the petition presented sufficient operative facts and evidence dehors the trial record to entitle Mr. Barbour to relief.
>
> SECOND ASSIGNMENT OF ERROR:
>
> The trial court erred in refusing to conduct an evidentiary hearing on Mr. Barbour's Petition to Vacate and Set Aside Judgment when the evidence offered in support of the petition demonstrated Mr. Barbour's ineffective assistance of counsel claim. The trial court's error deprived Mr. Barbour of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

*See id.* On May 6, 2008, the appellate court affirmed the trial court's judgment. On June 30, 2008, the appellate court denied petitioner's motion for reconsideration. *Exhibit 32 to Return of Writ.* On October 15, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Barbour*, 119 Ohio St.3d 1486 (2008).

On January 20, 2009, petitioner filed the instant *pro se* petition for a writ of habeas

5

corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States as follows:

> [Ineffective assistance of counsel]
>
> Defendant was arrested on 12-22-03, his trial was not held until 3-24-01, 15 months after his arrest without his approval. His court appointed attorney failed to file a dismissal due to speedy trial violation. His attorney didn't call any witnesses on his behalf. His attorney didn't tell the jury about the threat made to defendant by the victim's mom 2 months before his arrest.

It is the position of the respondent that this claim is procedurally defaulted and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

6

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

Petitioner asserts, *inter alia*, that he was denied the effective assistance of counsel due to his attorney's failure to call witnesses; however, petitioner failed to present this claim to Ohio Supreme Court. *See Exhibits 34.* Further, he may now no longer present such claim to the state courts under Ohio's doctrine of *res judicata. State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. The Court therefore deems the first and

7

second parts of *Maupin* to have been met with respect to petitioner's claim.

The Court must next decide whether the procedural rules at issue constitute an adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra*. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to

be such a case.

**MERITS**

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to request dismissal of the charges against him as in violation of Ohio's speedy trial statutes. The state appellate court rejected this claim as follows:

> Appellant's assignments of error are interrelated, and will be addressed together. In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The court in *Strickland* recognized that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. In analyzing claims of ineffective assistance of counsel, courts have applied a two-part test where "[t]he defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Sapp,* 105 Ohio St.3d 104, 115-116, 2004-Ohio-7008, at ¶ 76, 822 N.E.2d 1239, 1253. When a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, a defendant must show that the motion had a reasonable probability of success. State v. Adkins, 161 Ohio App.3d 114, 2005-Ohio2577, 829 N.E.2d 729.
>
> Appellant argues that a motion to dismiss for a violation of his speedy trial rights would have been successful because his waivers of his speedy trial rights as to the initial charge in case No. 03CR-8639 cannot be applied to the charges in case No. 04CR-5960. When an accused waives the right to speedy trial as to an initial charge, that waiver does not apply to additional charges arising from the same set of circumstances brought

after the waiver, because the waiver could not have been made knowingly, voluntarily, and intelligently as to subsequent charges. *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025. See, also, *State v. Homan,* 89 Ohio St.3d 421, 2000-Ohio212, 732 N.E.2d 952. The question as argued by the parties is whether the charges in the second indictment constituted additional charges.

However, it is not necessary for us to decide whether the charges in the second indictment were additional charges. The Supreme Court of Ohio recently decided a case that explains the distinction between a waiver of speedy trial rights and tolling of those rights under R.C. 2945.72(E), which provides that the time period during which an accused must be brought to trial may be extended "by reason of a * * * motion * * * made or instituted by the accused" and R.C. 2945.72(H), which extends the speedy trial time for "[t]he period of any continuance granted on the accused's own motion * * *." The court explained that the *Adams* waiver analysis does not apply to situations in which a defendant has taken an action that tolls the speedy trial time, even where the defendant's motion included waiver language, because the tolling provisions in R.C. 2945.72 apply regardless of whether the defendant waived time. *State v. Blackburn,* Slip Opinion No.2008-Ohio-1823, at ¶ 22. Based on the automatic nature of the tolling provisions, the court held that "periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." *Id.* at syllabus.

In this case, only one of the continuances in case No. 03CR-8639 was made on motion of the State exclusively, with all others being granted either on joint motion of both parties or only on appellant's motion.[FN1] Consequently, the periods of delay in case No. 03CR-8639 that were the result of motions made or joined in by appellant did apply to the charges in case No. 04CR-5960, regardless of whether the addition of the age of the victim in the second indictment made those charges additional charges. Adding all periods of delay that were not tolled by appellant's motions, appellant was brought to trial within the 270-day period required by R.C. 2945.71(C)(2). Thus,

> the failure to file a motion to dismiss the indictment for violating appellant's speedy trial rights could not have constituted ineffective assistance of counsel, because such a motion would not have been successful.
>
> FN1. The only motion for continuance in case No. 03CR-8639 that was made solely on the State's motion was for the continuance from June 10, 2004 until July 22, 2004, during which period appellant was released on a recognizance bond.
>
> Furthermore, because a motion to dismiss for violation of appellant's speedy trial rights would not have been successful, and determination of this issue did not depend upon factual allegations that could not be determined by examination of the files and records in this case, the trial court did not err by declining to hold a hearing on appellant's claim that his trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds. See *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540.

*State v. Barbour, supra*, 2008 WL 2025847. The state appellate court denied petitioner's motion for reconsideration in relevant part as follows:

> In his motion for reconsideration, appellant now argues that, even if the tolling of his speedy trial right in case No. 03CR3689 applied to the reindictment, the speedy trial time nevertheless expired because when the nolle prosequi was filed on the first indictment, the state had 63 days remaining in which to bring him to trial, and 75 days passed between the entry of the nolle prosequi and appellant's filing of a motion for continuance in case No. 04CR-5960. The trial court concluded that 14 days had passed between the date of appellant's arraignment on the second indictment, but did not count the number of days that had passed between the dismissal of the first indictment and the arraignment on the second indictment.
>
> This motion for reconsideration is the first time appellant has presented the argument that the time period between the dismissal of the first indictment and appellant's arraignment in the second indictment should have been included in the calculation of the days remaining in the speedy trial period. In

11

> briefing, appellant's entire argument was that the *Adams-Horman* waiver doctrine applied to nullify appellant's waiver of his speedy trial right because the reindictment alleged additional charges for which a valid waiver could not have been made. Thus, appellant's motion does not meet the standard for reconsideration in that it does not identify any issue that was either not considered at all, or not fully considered, when it should have been.
>
> Moreover, even if appellant had previously raised that argument, the argument fails. The time period between the dismissal of the original action and its refiling does not count toward the speedy trial period because no charges are pending during that period. *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541. *See, also, State v. Radabaugh*, Jackson App. No. 06CA2, 2007-Ohio-153, citing *City of Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 383 N.E.2d 599.
>
> Accordingly, appellant's motion for reconsideration is denied.

*Exhibit 32 to Return of Writ.*

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a

12

>person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

>[A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for

13

reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

Under O.R.C. §2945.71(C)(2), a criminal defendant facing felony charges must be brought to trial within 270 days of his arrest. O.R.C. §2945.72 further provides

> The time within which an accused must be brought to trial...
> may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

The state trial court summarized the history of this case as it relates to petitioner's speedy trial claim in relevant part as follows:

On December 22, 2003 Defendant was arrested....

On December 26, 2003 Defendant was indicted in Case No. 03CR-8639 on three counts of rape and one count of unlawful sexual conduct with a minor. The indictment alleged the offenses occurred during a time frame of August 15, 2003 through October 17, 2003.

.... Defendant remained incarcerated in lieu of bond.

***

Defendant filed a motion for bill of particulars on February 23, 2004.

Trial was scheduled... on March 11, 2004.

The State of Ohio responded to the bill of particulars on March 4, 2004. Thus, the period from February 23, 2004 through March 4, 2003 [sic] or 11 days was tolled.

The March 11, 2004 trial date was continued by Judge Brunner at the parties' request as the Court was engaged in trial and new counsel had been appointed to represent Defendant at his request. Speedy trial rights were waived for the period of the continuance as to pending charges as well as any subsequent charges arising from the same set of facts. A trial date of May 11, 2004 was assigned.

On Marcy 17, 2004 the case was transferred to this Court's docket.

***

The May 11 trial date was rescheduled to April l6, 2004.

Defendant requested a continuance of the April 6, 2004 trial date due to his counsel being in a trial. Defendant waived speedy trial rights as to pending and any subsequent charges arising from the same set of facts. The case was continued to May 18, 2004.

Speedy trial rights were waived for the time period from March 11, 2004 through May 18, 2004 or 92 days.

On April 30, 2004 a request for a bill of particulars and demand for discovery were filed on Defendant's behalf.

On May 18, 2004 a continuance of the trial was requested by the parties and speedy trial rights were again waived as to pending and any subsequent charges. A new trial date of June 10, 2004 was assigned. This was a period of 23 days.

On May 24, 2004 the State filed a response to the bill of particulars.

A continuance of the June 10 trial was requested by the State for the reason that the prosecuting witness was not available due to medical complications. Defendant waived his right to speedy trial for the period of the continuance as to the pending charges only. Defendant was released on a recognizance bond on that date. A new trial date of July 22, 2004 was assigned.

On July 22, 2004 a nolle prosequi was entered on Case No. 03CR8639.

\*\*\*

On September 10, 2004 an indictment was filed in Case No. 04CR-5960 charging Defendant with three counts of rape and two counts of sexual battery. Each rape was alleged to have occurred between August 1, 2003 and October 17, 2003 and alleged the victim was less than thirteen years of age. The rape counts in the 2004 indictment added the victim's age. The two counts of sexual battery were also alleged to have occurred during the same time frame but were new charges.

\*\*\*

A trial date of October 5, 2004 was set and the parties' request for continuance of that date was granted. Defendant waived his speedy trial rights for the period of the continuance. A new trial date of November 9, 2004 was assigned.

> The parties requested a continuance of the November 9 date due to Defendant's counsel being engaged in another trial. Speedy trial rights were again waived and the case was assigned for trial on January 24, 2005.

*Exhibit 22 to Return of Writ; see also Exhibits 2, 4, 6-10, 19 to Return of Writ.* Petitioner does not dispute the trial court's calculation that 207 of the 270 day period during which the State was required to bring petitioner to trial under O.R.C. §2945.71(E) had expired at the time the original indictment was dismissed on July 22, 2007, so that the State had 63 days to bring him to trial on the subsequent indictment. *See Exhibits 26, 32 to Return of Writ.* He likewise does not dispute or the trial court's explanation of the case history as to the subsequent indictment. *See id.* He argues, instead, that the time period between dismissal of the first indictment, and the filing of the second indictment, counts against the State under Ohio's speedy trial statutes. *See Exhibit 31 to Return of Writ.* As noted by the state appellate court, however, the Ohio Supreme Court in *State v. Broughton, supra,* 62 Ohio St.3d at 547, rejected this argument:

> [W]e hold that for purposes of computing how much time has run against the state under the speedy-trial statute, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).FN4
>
> FN4. Crim.R. 12(I) provides in pertinent part:
>
> " Effect of determination. If the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint, it may also order that the defendant be held in custody or that his bail be continued for a specified time not exceeding fourteen days,

18

pending the filing of a new indictment, information, or complaint. Nothing in this rule shall affect any statute relating to periods of limitations. * * * "

*Id. State v. Parker*, 113 Ohio St.3d 207 (2007), referred to by petitioner, does not appear to stand for the contrary. In *Parker*, the Ohio Supreme Court held considered whether,

> after a defendant is charged with two felonies and a misdemeanor arising from the same criminal incident, and the felonies are transferred to another jurisdiction that grants a personal recognizance bond, but the misdemeanor is subject to a cash or surety bond in the original jurisdiction, does the defendant remain incarcerated "solely on the pending charge"?

*Id.*, at 209. The Court held:

> [W]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the "pending charge" for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E).

*Id.*, at 211. At issue in Parker, was the time period during which he remained incarcerated. *Id.*, at 208. Here, the record reflects that petitioner was released on his own recognizance on June 10, 2004, and prior to dismissal of the first indictment. *See supra*.

Therefore, petitioner has failed to establish the ineffective assistance of counsel under *Strickland*.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge